J-S19034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| EDWARD L. DAVIS, | : | |
| | : | |
| Appellant | : | No. 2547 EDA 2014 |

Appeal from the PCRA Order entered on July 31, 2014
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No. CP-51-CR-0524311-1987

BEFORE: STABILE, JENKINS and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:  **FILED APRIL 09, 2015**

Edward L. Davis ("Davis") appeals from the Order dismissing his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"),[1] and denying his Motion for Post-Conviction DNA Testing (hereinafter "the DNA Motion"). We affirm.

The PCRA court set forth the relevant procedural history underlying this appeal as follows:

> In October 1988, following [a non-jury trial, the trial court] …, found [Davis] guilty of murder in the first-degree, possession of [an] instrument of crime, two counts of kidnapping, and four counts of simple assault …. [The murder victim was the mother of two of Davis's children. Seven weeks before the murder, Davis had kidnapped two of the victim's acquaintances at gunpoint and forced them to tell him where the victim was located. When Davis was released on bail concerning the kidnapping charges, he murdered the victim in her home, while her children were present.] Davis was subsequently sentenced to the mandatory term of life imprisonment. Davis appealed to

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

the Superior Court of Pennsylvania and the Court affirmed his convictions and judgment of sentence on June 13, 1990. [**See Commonwealth v. Davis**, 576 A.2d 1005 (Pa. Super. 1990).] The Supreme Court of Pennsylvania granted *allocat*[*u*]*r* review and, on January 7, 1993, the Court vacated the judgment of sentence and remanded the case for a new trial. [**See Commonwealth v. Davis**, 615 A.2d 732 (Pa. 1992) (reversing based on the Supreme Court's decision in **Commonwealth v. Ludwig**, 594 A.2d 281 (Pa. 1991) (holding that trial testimony given by a child witness via closed circuit television violates an accused's right, under the Pennsylvania Constitution, to "face to face" confrontation)).[2]]

In May 1997, … Davis elected to exercise his right to a jury trial and pled not guilty to all charges …. On May 12, 1997, the jury found Davis guilty of murder in the first[-]degree, possession of [an] instrument of crime, kidnapping, and multiple counts of simple assault. At the conclusion of the trial, the [trial court] sentenced Davis to the mandatory term of life imprisonment on the homicide charge and 6-10 years of imprisonment on the kidnapping charge, to run consecutively. He received no further penalty on the remaining charges. Davis filed post-sentence [M]otions, which were denied by operation of law. … [T]he Superior Court of Pennsylvania … affirmed his convictions and judgment of sentence on May 11, 1998. [**See Commonwealth v. Davis**, 718 A.2d 855 (Pa. Super. 1998) (unpublished memorandum).]

On December 9, 2013, Davis filed the instant PCRA [P]etition. In response, the Commonwealth filed a Motion to Dismiss on March 10, 2014. Davis filed a Response to the Commonwealth's [Motion] on March 18, 2014. … On June 6, 2014, following a review of the record, Davis'[s] [P]etition, and the Commonwealth's submission, th[e PCRA c]ourt sent Davis a [] Notice, pursuant to Pa.R.Crim.P. 907(1)[, stating the court's intention to dismiss the PCRA Petition as being untimely filed]. Davis filed a response to the 907 Notice on June 25, 2014. Davis also filed [the DNA] Motion … on July 9, 2014[, pursuant to 42 Pa.C.S.A. § 9543.1 (hereinafter "the PCRA DNA statute"). Therein, Davis asserted that he was innocent of the murder, pointing out that the medical examiner, Paul Hoyer, M.D. ("Dr.

---

[2] At Davis's original trial, the court had permitted the minor child of the victim to testify against Davis, her father, via two-way closed circuit television.

Hoyer"), had discovered semen on the victim's body during the autopsy, which the parties had stipulated at trial did not belong to Davis. Davis argued in the DNA Motion that DNA testing of certain males with whom the victim purportedly had a romantic relationship might reveal the identity of the perpetrator]. On July 31, 2014 th[e PCRA c]ourt dismissed the PCRA [P]etition and denied the [DNA M]otion.

PCRA Court Opinion, 7/31/14, at 1-2 (unnumbered, some capitalization omitted, footnote added). Davis timely filed a Notice of Appeal from the July 31, 2014 Order.

On appeal, Davis presents the following issues for our review:

1. Whether the Statutory Construction Act makes it facially unconstitutional to apply the PCRA's timeliness provisions to a claim that a constitutional violation led to the conviction of an innocent person?

2. Whether the PCRA court abused its discretion when it denied the [DNA M]otion []?

3. Whether the conviction was obtained in violation of the right to effective assistance of counsel guaranteed by the Sixth Amendment to the Constitution of the United States?

4. Whether the conviction was obtained in violation of the Fourteenth Amendment right to a fair trial untainted by false testimony elicited from a member of the prosecution team?

Brief for Appellant at 2 (issues numbered, capitalization omitted).

As a preliminary matter, we observe that Davis has filed with this Court a Motion to Strike the Commonwealth's appellate brief as being untimely (hereinafter "Motion to Strike Brief"). Davis points out that although this Court gave the Commonwealth one extension of time in which to file its brief, the Commonwealth filed the brief twenty days after the due

date. Motion to Strike Brief, 2/19/15, at 1-2. We deny Davis's Motion to Strike Brief, as he was not prejudiced by the Commonwealth's late filing of its brief.

We begin by noting our well-settled standard of review: "In reviewing the [dismissal] of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted).

Under the PCRA, any PCRA petition, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final[.]" 42 Pa.C.S.A. § 9545(b)(1). Any PCRA petition that is not filed within one year of the date the judgment becomes final is time-barred, unless the petitioner has pled and proven one of the three exceptions to the PCRA's time limitation set forth in 42 Pa.C.S.A. § 9545(b)(1)(i-iii) (providing that an untimely PCRA petition may be considered timely if a petitioner alleges and proves (1) governmental interference with the presentation of his claims; (2) discovery of previously unknown facts which could not have been discovered with due diligence; or (3) an after-recognized constitutional right given retroactive application). The PCRA's timeliness requirements are jurisdictional in nature and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Here, Davis's PCRA Petition, filed in December 2014, is facially untimely because his judgment of sentence became final more than sixteen years prior, in June 1998. Moreover, Davis did not plead any of the exceptions to the PCRA's jurisdictional time bar in the PCRA Petition, his Rule 907 Response, or in his appellate brief. Rather, Davis challenges the constitutionality of the PCRA's time bar itself, and claims that his trial counsel rendered ineffective assistance.

In his first issue, Davis argues that the PCRA is unconstitutional on its face to the extent that its time bar can unlawfully preclude a "gateway claim of actual innocence[,]" which, according to Davis, violates the Constitution of the United States and Pennsylvania's Statutory Construction Act ("SCA").[3] Brief for Appellant at 12; *see also id.* at 14 (arguing that "[t]he General Assembly[, in the SCA,] has taken the position that its actions must not be interpreted to lead to results that are absurd or unreasonable or that its actions be interpreted to violate the Constitution[s] of the United States or Pennsylvania."). According to Davis, his claim of "actual innocence"[4] is sufficient to overcome the PCRA's time-bar, pursuant to the United States

---

[3] *See* 1 Pa.C.S.A. § 1501 *et seq*.

[4] Davis bases his claim of actual innocence upon the fact that the semen discovered on the victim's body did not belong to Davis. Brief for Appellant at 16; *see also id.* at 19 (asserting that "[a] presumptively positive [DNA] match [concerning the semen in question] with one of the victim's known associates would establish a *prima facie* case that [] Davis is actually innocent of the murder.").

Supreme Court's decision in ***McQuiggin v. Perkins***, 133 S. Ct. 1924 (2013). Brief for Appellant at 14-16.

In ***McQuiggin***, the Supreme Court held that a claim of actual innocence, if proved, can serve as a gateway through which a petitioner may pass the one-year time bar for filing an otherwise untimely first federal *habeas corpus* petition when the claim of actual innocence is supported by newly-discovered evidence. ***McQuiggin***, 133 S. Ct. at 1926. This ruling concerns federal *habeas corpus* petitions and the time limitations applicable thereto, and is not applicable to petitions filed in state court seeking relief under the PCRA.[5] Thus, ***McQuiggin*** is inapplicable to Davis's case and provides no relief from the PCRA's time bar.

Moreover, we reject Davis's claim that the PCRA violates the SCA and is unconstitutional. It is well established that "the time restrictions for filing PCRA petitions are constitutional[.]" ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999); ***Commonwealth v. Peterkin***, 722 A.2d 638, 643 (Pa. 1998) (same); ***see also Commonwealth v. Edmiston***, 65 A.3d 339, 349 (Pa. 2013) (stating that "[a]s we have explained, the nature of the constitutional violations alleged has no effect on the application of the PCRA time bar. … Rather, the only cognizable exceptions are set forth at Section 9545(b)(1)." (internal citations omitted)).

---

[5] We additionally observe that the Supreme Court did not expressly pronounce that ***McQuiggin*** applies retroactively, and it does not represent a watershed change in procedural law.

Next, Davis argues that the PCRA court abused its discretion by denying the DNA Motion, and determining that it did not entitle Davis to relief because the parties had stipulated that the semen found on the victim's body did not belong to him. ***See*** Brief for Appellant at 17.[6] According to Davis, the PCRA court's ruling is contrary to this Court's decision in ***Commonwealth v. Conway***, 14 A.3d 101 (Pa. Super. 2011) (where the defendant was convicted of murder based solely on circumstantial evidence, and the Commonwealth did not introduce any DNA or other scientific evidence tying him to the victim's body, holding that the PCRA court improperly denied the defendant's motion for DNA testing because the defendant had established that there is a "reasonable possibility" that favorable results of the requested DNA testing would establish his actual innocence). ***See*** Brief for Appellant at 17-18.

"Post[-]conviction DNA testing falls under the aegis of the [PCRA,] and thus, our standard of review permits us to consider only whether the PCRA court's determination is supported by the evidence of record and whether it is free from legal error." ***Conway***, 14 A.3d at 108 (footnote, citation, brackets and quotation marks omitted). To obtain post-conviction DNA testing under the PCRA DNA statute, a petitioner must prove the following:

> If the evidence was discovered prior to the applicant's conviction, the evidence shall not have been subject to the DNA testing requested because the technology for testing was not in

---

[6] We observe that "a motion for post-conviction DNA testing does not constitute a direct exception to the one year time limit for filing a PCRA petition." ***Commonwealth v. Williams***, 35 A.3d 44, 50 (Pa. Super. 2011).

existence at the time of the trial or the applicant's counsel did not seek testing at the time of the trial in a case where a verdict was rendered on or before January 1, 1995, or the applicant's counsel sought funds from the court to pay for the testing because his client was indigent and the court refused the request despite the client's indigency.

42 Pa.C.S.A. § 9543.1(a)(2). In other words, "[a] petitioner [] does not meet the requirements of [section] 9543.1(a)(2) if the technology existed at the time of his trial, the verdict was rendered after January 1, 1995, and the court never refused funds for the testing." *Commonwealth v. Perry*, 959 A.2d 932, 939 (Pa. Super. 2008) (citation, quotation marks and brackets omitted). In the instant case, all of the conditions stated in *Perry* are satisfied, and Davis makes no attempt to prove otherwise.

Nevertheless, the PCRA court cogently reasoned that it properly denied the DNA Motion under the PCRA DNA statute for the following reasons:

> In *Conway*, the Court explained that "the *prima facie* requirement set forth in [42 Pa.C.S.A.] § 9543.1(c)(3) and reinforced in [section] 9543.1(d)(2) requires that [the petitioner] demonstrate that there is a 'reasonable possibility,' that 'favorable results of the requested DNA testing would establish the [petitioner's] actual innocence of the crime of conviction.'" [*Conway*, 14 A.3d at 109 (emphasis, footnote and citations omitted); *see also Williams*, 35 A.3d at 50 (stating that "[t]he statutory standard to obtain testing requires more than conjecture or speculation; it demands a *prima facie* case that the DNA results, if exculpatory, would establish actual innocence.").] *Conway* adopts the standard of actual innocence set forth by the Supreme Court of the United States in *Schlup v. Delo*[, 513 U.S. 298 (1995),] that the newly discovered evidence must make it "more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." [*Conway*, 14 A.3d at 109 (quoting *Schlup*, 513 U.S. at 327).]
>
> In the instant case, Davis seeks to have the semen found on the victim's body tested against the CODIS[, *i.e.*, the national

Combined DNA Index System], the Pennsylvania data banks, and the two known associates of the victim, Anthony Smith and Earl Maples. Davis represents that, at trial, the jury heard testimony from numerous witnesses establishing the victim's connection to both Anthony Smith and Earl Maples and that the sexual encounter leading to the semen may have occurred shortly before the murder;[FN] however, the jury also heard a stipulation entered by trial counsel that the semen on the victim's body did not belong to Davis. Thus, the jury knew that Davis was excluded as a source of the semen, thereby showing that it came from Anthony Smith, Earl Maples, or an unknown party, and, in light of all of the other evidence presented by the Commonwealth, found Davis to be guilty of the murder. As such, th[e PCRA c]ourt has found that Davis has not demonstrated a reasonable probability that favorable results of such testing would establish his actual innocence of the murder.

> [FN] Davis represents that [Edwin] Lieberman[, M.D. ("Dr. Lieberman"), *i.e.*, the county medical examiner at the time of Davis's second trial who had reviewed Dr. Hoyer's autopsy notes concerning the victim,] testified that he could not determine when exactly the victim had sex[,] and that it could have been minutes before her death or a day and a half before her death. Conversely, Dr. Hoyer, who conducted the autopsy of the victim and testified at [Davis's first] trial, testified that the sex occurred shortly before her death.

PCRA Court Opinion, 7/31/14, at 5-6 (unnumbered, some footnotes omitted). The PCRA court's sound analysis is supported by the record and the law. Accordingly, we conclude that there is no merit to Davis's challenge to the PCRA court's denial of the DNA Motion.

In his third issue, Davis asserts that the PCRA court erred by dismissing his PCRA Petition because he had established that his trial counsel rendered ineffective assistance. *See* Brief for Appellant at 20-23. Specifically, Davis challenges trial counsel's failure to (1) object to the trial court's allegedly erroneous alibi instruction; (2) ensure that the DNA

evidence from the semen found on the victim's body was checked against the males with whom the victim was romantically involved; and (3) locate Dr. Hoyer to testify at Davis's second trial. *Id.*

"[I]t is well established that the fact that a petitioner's claims are couched in terms of ineffectiveness will not save an otherwise untimely petition from the application of the time restrictions of the PCRA." ***Edmiston***, 65 A.3d at 349 (citation omitted). As stated above, Davis's PCRA Petition is facially untimely and he has failed to plead and prove any of the three exceptions to the PCRA's jurisdictional time bar. Therefore, Davis's ineffectiveness claims do not entitle him to relief. *Id.*

Finally, Davis is not entitled to relief on his last issue, wherein he avers that he was deprived of a fair trial because the prosecutor allegedly elicited false testimony from Dr. Lieberman. ***See*** Brief for Appellant at 23-25. Such claim does not meet any of the exceptions to the PCRA's time limitation.

We conclude that the PCRA court neither abused its discretion nor committed an error of law by dismissing Davis's first PCRA Petition as untimely, and that Davis's challenge to the constitutionality of the PCRA lacks merit. Additionally, the PCRA court properly denied the DNA Motion. Therefore, we affirm the Order on appeal and deny Davis's Motion to Strike Brief.

Order affirmed. Motion to Strike Brief denied.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/9/2015